JOHN M. BARNARD & *als., versus* SAMUEL B. FIELD.

An action may be maintained for the price of intoxicating liquors sold in Boston, in conformity with the laws of Massachusetts, to a citizen of Maine, if the vendor had no knowledge that the liquors were intended for sale in this State in violation of law. The maintenance of such an action is not prohibited by the statute of 1856, c. 255, § 18.

ON REPORT by CUTTING, J.

ASSUMPSIT for the amount of a bill of intoxicating liquors purchased by the defendant of the plaintiffs in Boston in 1856. The plaintiffs had a license from the city of Boston for the manufacture and sale of spirituous liquors. Defendant testified that the plaintiffs, at the time he purchased the liquors,

knew that he was selling liquors at retail in Bangor. He had purchased liquors of them for two years. He had no license to sell.

One of the plaintiffs was a witness, and testified that neither he nor his partners knew that the defendant intended to violate the laws of this State.

*W. C. Crosby,* for the plaintiffs.

The burthen of proof was on the defendant to show that the sale in Massachusetts was illegal, which he has not done. The testimony on the part of the plaintiffs shows the sale strictly legal. If valid where made, it is valid where sought to be enforced. *Dutee* v. *Earl,* 3 Gray, 482; 2 Parsons on Contracts, 82; *Cornigie* v. *Morison,* 2 Metc. 397.

. *C. P. Brown,* for the defendant, contended that the action could not be maintained under the statute of 1856, c. 255, then in force.

The opinion of the Court was drawn up by

MAY, J.—This is an action of assumpsit, upon an account annexed to the writ, for certain spirituous and intoxicating liquors, sold and delivered to the defendant at Boston, in Nov. 1856. The sale was made in conformity with the laws of Massachusetts; the plaintiffs being duly authorized to manufacture and sell such liquors in quantities not less than thirty gallons. The defence is, that the liquors were sold with the expectation and intention on the part of the plaintiffs that the defendant would sell them within the limits of this State, and in violation of the laws thereof. But the testimony in the case wholly fails to show any such intention or expectation, or even knowledge that the defendant intended to sell them in violation of law.

It is further objected, that certain depositions taken in defence are inadmissible because they were taken before a justice of the peace for the Commonwealth of Massachusetts, upon interrogatories and cross-interrogatories, filed by the parties, upon a commission issued by this Court at a *Nisi*

*Prius* term, holden in the county of Penobscot, where this action was pending. The commission is not among the papers in the case, and it does not appear that it did not run to the magistrate before whom the depositions were taken. This objection therefore fails, and the testimony of the deponents is properly in the case.

It is also contended that the statute of 1856, § 18, in force when the liquors sued for were sold, prohibits the maintenance of this suit. But that section only applies to the sale of intoxicating liquors sold in violation of the provisions of that Act. These liquors were not so sold. The contract of sale was lawful, and the plaintiffs may well maintain their suit for the amount declared for, with interest from the date of the writ. *Dolan* v. *Buzzell,* 41 Maine, 473.

*Defendant defaulted.*

TENNEY, C. J., and APPLETON, CUTTING, DAVIS, and KENT, J. J., concurred.